# UNITED STATES DISTRICT COURT
# THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | Case No. 13-cr-00794-5 WHA (NC) |
| v. | |
| <u>LUCIO LERENZO MENDOZA</u>, Defendant. | <u>ORDER OF DETENTION PENDING TRIAL</u> |

      In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court held a detention hearing on December 18, 2013. Defendant Lucio Lerenzo Mendoza was present, represented by his attorney Deborah Levine. The United States was represented by Assistant U.S. Attorney Marc Wolf. The hearing was held publicly. Both parties were advised of their opportunity to call witnesses, present evidence, for the defendant to testify, to cross-examine witnesses, and of the opportunity to present information by proffer. Both parties were advised of their right to appeal this detention order to the District Court.

      Both parties presented information by way of attorney proffer. At the hearing, the government referred to information that is set forth in police reports and audio and video recordings. In accordance with Federal Rule of Criminal Procedure 16 and in order to protect the due process rights of the defendant, the Court ordered the government to produce to Mendoza's counsel by December 24, 2013, a copy of each recording and report referenced at the hearing.

      Defendant may seek to reverse or modify this order after review of the materials to be produced by the government. The parties must meet and confer about the timing of any motion for pretrial release.

**PART I. PRESUMPTIONS APPLICABLE**

    / / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.
        This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.
    / X / There is probable cause based upon the indictment to believe that the defendant has committed an offense
        A.        for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR
        B.   <u> X </u>   under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.
        This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the

community.

    / / No presumption applies.

**PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**

    / X / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.

    / / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .

    Thus, the burden of proof shifts back to the United States.

**PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)** N/A

**PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

    / X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows. The Court adopts the facts set forth in the Pretrial Services Pre-Bail Report prepared December 17, 2013, supplemented by information presented at the hearing. Mendoza is the fifth of eight defendants identified in the Indictment. He is charged in four felony counts with racketeering conspiracy, conspiracy to commit murder in aid of racketeering, conspiracy to commit assault with a dangerous weapon, and use or possession of a firearm in furtherance of a crime of violence, in violation of Title 18 U.S.C. §§ 1962(d), 1959(a)(5), 1959(a)(6), and 924(c)(1)(A). Mendoza is presumed innocent. If convicted of the charged offenses, the maximum penalty would be life in prison. The following factors establish by more than clear and convincing evidence that Mendoza is a danger and should be detained in order to assure the safety of the community. At the hearing, the government presented information by proffer, derived from Mendoza's conviction records (2008 state court conviction for street gang act) and paraphernalia seized from his residence, that he is a member of the VSP (Varrio South Park) gang, which is affiliated with the Norteño gang. This 28-year old defendant has two weapons-related criminal convictions: 2006 misdemeanor for possession of a dangerous weapon; and 2008 felony for assault with a deadly weapon not firearm, with a street gang enhancement. Furthermore, in connection with those sentences, while on state probation Mendoza recorded nine violations or revocations. Considering all the evidence presented, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community. As to risk of non-appearance, the Court has concerns, but finds that those concerns could be addressed by a combination of release conditions, as the defendant has substantial and long-standing family and employment ties to this District.

///

**Part V. Directions Regarding Detention**

      The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:   December 20, 2013                                             _____
                                                                           NATHANAEL COUSINS
                                                                           United States Magistrate Judge